UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **BILLY DUTY,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION NO.** |
| | : | 1:23CV00054 |
| v. | : | |
| | : | |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | : | **Jury Trial Demanded** |
| | : | |
| Defendant. | : | |

# COMPLAINT

COMES NOW Plaintiff Billy Duty to file this Complaint against Defendant Norfolk Southern Railway Company and to respectfully show this Court as follows:

## I.

## PARTIES AND JURISDICTION

1. Plaintiff Billy Duty is a citizen and resident of the State of Tennessee, residing in Church Hill, Tennessee.

2. Defendant Norfolk Southern Railway Company is a Virginia corporation with its principal place of business in Atlanta, Georgia.

3. Defendant is a common carrier by rail engaged in the business of operating a railroad interstate commerce for hire for the purpose of carrying freight in interstate commerce.

4. Defendant does business in the Commonwealth of Virginia with rail lines, track, and rolling stock operating within this District and within the jurisdiction of this Court.

1

Defendant NSRC can be served in this case through its registered agent: Corporation Service Company, 100 Shocktoe Slip Fl 2, Richmond, Virginia 23219-4100.

5. The Plaintiff was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant at all times referred to herein.

6. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

7. This action is brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., and other applicable federal statutory, regulatory, and common law.

8. Jurisdiction and Venue are proper within this District pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the events and omissions giving rise to the claim occurred in Scott County, Virginia.

## II.

## **FACTS**

9. On August 31, 2023, Mr. Duty was employed by the Defendant as the conductor on the Defendant's train number T-52 that operated from Frisco, Tennessee to Weber City, Virginia.

10. Locomotive number NS 3606 provided power for train T-52 that day.

11. Mr. Duty's work duties as the conductor for train T-52 including operating cut levers to uncouple train equipment.

12. At Yuma Yard in Weber City, Virginia, Mr. Duty was required to operate the cut lever on locomotive number NS 3606. As Mr. Duty operated the cut lever on NS 3606 in the normal fashion and with appropriate force, the cut lever suddenly and unexpectedly hung up and

otherwise malfunctioned, resulting in serious, painful and permanent physical injuries to Mr. Duty.

13.     The personal injuries that Mr. Duty sustained as a result of this traumatic incident include, but are not limited to, tearing of his right rotator cuff, other bodily injuries, mental anguish and emotional distress.

14.     Mr. Duty has required extensive medical treatment, including surgery, for bodily injuries resulting from this incident, and he remains under the care of medical professionals.

15.     As a result of this incident, Mr Duty has suffered and will continue to suffer the following compensable harms and losses: permanent injury; severe and chronic physical pain, mental anguish and emotional distress; disability from performing his job; the loss of the wages and benefits of his employment; impairment of his capacity to earn; impairment of his capacity to engage in his normal activities; impairment of his ability to enjoy life; as well as other compensable harms and losses.

16.     At all times referred to herein, Defendant owned locomotive number NS 3606.

17.     At all times referred to herein, locomotive number NS 3606 was being used by Defendant on its railroad line and in connection with its interstate railroad operations.

18.     The servicing, inspection, and maintenance of locomotive number NS 3606 were activities that Defendant undertook and controlled prior to Mr. Duty's injury.

19.     At all times referred to herein, it was Defendant's legal duty to use on its railroad line only locomotives whose parts and appurtenances were in proper condition and safe to operate without unnecessary danger of personal injury.

20.     At all times referred to herein, it was Defendant's legal duty to use on its railroad

line only locomotives with properly functioning mechanisms to couple and uncouple.

### III.

### FIRST CAUSE OF ACTION
### (Negligence)

21. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs.

22. Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligence of Defendant Norfolk Southern Railway Company, its agents, servants, or employees while acting within the line and scope of their employment for said Defendant, or by reason of a defect or insufficiency due to the Defendant's negligence in its locomotive, locomotive inspections, locomotive maintenance, work practices and safety practices at the time and place where the Plaintiff was injured and damaged.

### IV.

### SECOND CAUSE OF ACTION
### (Safe Place to Work)

23. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 20.

24. Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, Norfolk Southern Railway Company, to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for the Defendant.

V.

**THIRD CAUSE OF ACTION**
(Locomotive Inspection Act Violation)

25. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 20.

26. Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the Defendant Norfolk Southern Railway Company's violation of the Locomotive Inspection Act, 49 U.S.C. § 20701, by using or allowing to be used on its railroad line a locomotive (together with its parts and appurtenances) that was not in proper condition or safe to operate without unnecessary danger of personal injury.

VI.

**FOURTH CAUSE OF ACTION**
**(Coupler Act Violation)**

27. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 20.

28. Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the Defendant Norfolk Southern Railway Company's violation of the provision of the Safety Appliance Act that is commonly referred to as the Coupler Act, 49 U.S.C. § 20302(a)(1)(A), by using or allowing to be used on its railroad line a locomotive with a defective uncoupling mechanism.

VII.

**DAMAGES**

29. The Plaintiff avers that he has suffered, and seeks to recover for, the following

injuries and damages:

    (a)    Past and future lost wages and fringe benefits;

    (b)    Permanent impairment of his ability to work and earn a living;

    (c)    Past and future medical expenses;

    (d)    Past and future physical pain, mental anguish and emotional distress;

    (e)    Permanent impairment of his ability to carry out the usual and normal activities of life;

    (f)    Permanent physical injury and physical disability;

    (g)    All other compensable harms and losses shown by the evidence at trial.

30. As damages, Plaintiff seeks to recover compensation from Defendant Norfolk Southern Railway Company in an amount determined by a fair and enlightened jury.

## VIII.

## JURY DEMAND

31. Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff brings this Complaint against the Defendant and requests this Honorable Court to enter judgment against the Defendant and grant the Plaintiff the following relief: (1) that he be awarded special and general damages in an amount to fully and fairly compensate him for his injuries and losses; (2) that the cost of this litigation be assessed against the Defendant; and (3) that this Court grant such other and further relief as it deems just and proper.

**THE JACKSON LAW GROUP PLLC**

/s/ *Thomas M. Jackson, Jr.*
THOMAS M. JACKSON, JR. (Bar No. 21804)

/s/ *Thomas M. Jackson III*
THOMAS M. JACKSON, III (Bar No. 80510)
P.O. Box 130
227 North Main Street
Hillsville, VA   24343
Telephone:  276-728-3737
Facsimile:  276-728-3133
Email:  tom.jackson@tomjacksonlaw.com
            tee.jackson@tomjacksonlaw.com